30 F.3d 130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry L. MIXON, Sr., Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2461.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 11, 1994.
Decided: July 29, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CA-91-223-1)
 James Huston Toms, James H. Toms & Associates, P.A., Hendersonville, North Carolina, for Appellant.
 Clifford C. Marshall, Jr., Assistant United States Attorney, Asheville, North Carolina, for Appellee.
 Donna B. Stepp, Christopher A. Bomba, James H. Toms & Associates, P.A., Hendersonville, North Carolina, for Appellant.
 Jerry W. Miller, United States Attorney, Asheville, North Carolina, for Appellee.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and ERWIN, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Henry L. Mixon appeals the district court's decision affirming the Secretary of Health and Human Services' (Secretary) determination that he is not totally disabled and therefore not entitled to social security disability benefits under 42 U.S.C. Sec. 423 (1991). Here, Mixon raises two issues: first, whether the Secretary's deciding that his residual capacity was such that he could perform alternative work and second, whether the district court erred when it denied Mixon's motion to consider new evidence under 42 U.S.C. Sec. 405(g) (West Supp.1994).
 
 
 2
 Because substantial evidence supports the Secretary's decision, we affirm on that issue. For the reason stated below, we also affirm the district court's decision not to remand based on Mixon's new evidence.
 
 
 3
 In Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991), the Supreme Court held that a Section 405(g) remand should be made if new evidence that was not available to the claimant at the time of the administrative hearing comes to light. Id. at 2163.
 
 
 4
 Here, Mixon had his own doctor give him a vocational assessment after the administrative hearing of his case. The new evaluation directly contradicted the evaluation of the vocational expert who testified at the hearing. Mixon's doctor found him to be totally disabled.
 
 
 5
 According to Melkonyan, remand is not warranted because nothing prevented Mixon from seeking independent evaluation before he presented his case to the administrative law judge. No evidence that was not available at the time of the hearing has come to light.
 
 
 6
 AFFIRMED.